# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DANIEL BOVENSIEP, <br><br> Petitioner, <br><br> v. <br><br> DEAN BORDERS, Warden, <br><br> Respondent. | Case No.: 17cv74 GPC (NLS) <br><br> **REPORT AND RECOMMENDATION FOR ORDER DENYING RESPONDENT'S MOTION TO DISMISS** <br><br> **[ECF No. 14]** |

This Report and Recommendation is submitted to United States District Judge Gonzalo P. Curiel pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

On March 20, 2017, Petitioner Thomas Daniel Bovensiep ("Petitioner"), a California prisoner who is proceeding *pro se*, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("FAP") alleging two claims for relief. ECF No. 10. Respondent moved to dismiss the FAP, arguing that the FAP actually presents four claims for relief and that at least three of those claims are unexhausted. ECF No. 14.

///

///

On September 27, 2017, Petitioner filed an opposition[1] expressly disclaiming the additional claims cited by Respondent, and affirming that he has alleged only two claims, which he submits are exhausted. ECF No. 16.

The Court has reviewed the record, and for the following reasons, **RECOMMENDS** that the district judge **DENY** the motion to dismiss and **ORDER** Respondent to file an answer to the merits of the FAP.

## I. PROCEDURAL BACKGROUND

On March 17, 2015, a jury found Petitioner guilty of thirteen counts of grand theft and two counts of securities fraud. Lodgment 2 at 1; Lodgment 3 at 2. The jury also found true certain special allegations and enhancements. Lodgment 2 at 1. On May 29, 2015, the trial court sentenced Petitioner to nine years and four months in state prison. Lodgment 2 at 2; Lodgment 3 at 3-4.

Petitioner appealed his conviction to the California Court of Appeal arguing that (1) the prosecution's prejudicial delays both in investigating and bringing his case to trial violated his state and federal constitutional rights to due process and a speedy trial and (2) the statute of limitations barred ten of the counts against him. Lodgment 1. By order dated August 22, 2016, the Court of Appeal affirmed the judgment. Lodgment 2.

On September 21, 2016, Petitioner filed, with the assistance of counsel, a Petition for Review to Exhaust State Remedies in the California Supreme Court. Lodgment 3. Therein, Petitioner again argued that the prosecution's prejudicial delays in investigating and bringing his case to trial violated his rights to due process and a speedy trial under the California Constitution as well as the Sixth and Fourteenth Amendments of the U.S. Constitution (citing <u>Klopfer v. North Carolina</u>, 386 U.S. 213, 224-25 (1967) and <u>Barker</u>

---

[1] Petitioner entitles his opposition "Traverse and Motion to Dismiss, Reply to Response and Points of Authority," but given the nature of the pleading and the date of the filing, the Court construes it as an opposition brief. Notably, a subheading is entitled "Motion in Support of Traverse and Opposition [to] the Respondent's 'Motion to Dismiss Petition for Writ of Habeas Corpus.'" ECF No. 16.

v. Wingo, 407 U.S. 514, 530-33 (1972)).[2] Id. Petitioner also raised the statute of limitations claim, which is not alleged in his federal petition. Id. On October 26, 2016, the California Supreme Court summarily denied review without citation to authority. Lodgment 4. Petitioner has not filed any state habeas petitions. ECF No. 10 at 3-4.

On January 1, 2017, Petitioner filed a federal petition for writ of habeas corpus. ECF No. 1. In his initial petition, Petitioner listed under "Ground one:" "See Attachment II – Violation of United States Constitution – 6th and 14th amendment, right to due process and fairness." ECF No. 1 at 5. Under "Supporting facts:" he wrote "See Attachment II – violation of Speedy Trial, Destruction of evidence, Selective prosecution and Obstruction of Justice." Id. Attachment II contained separate headers for each of the four issues listed above, under which he provided argument and supporting case law. Id. at 10-17.[3] Following initial screening, the petition was dismissed because it was not clear Petitioner had exhausted all of his claims. ECF No. 9. Specifically, the Court noted:

> Petitioner states that he raised "federal and state due process and fairness" claims and statute of limitations claims in state court. In the body of his Petition, however, he raises speedy trial, destruction of evidence, selective prosecution, and obstruction of justice claims. Thus, it is not clear whether Petitioner has exhausted his claims.

Id. at 2.

On March 20, 2017, Petitioner filed his FAP. ECF No. 10. Under "Ground One" he wrote "Federal Constitutional right to Speedy Trial including where there has been a substantial and/or prejudicial delay prior to accusatory pleading." ECF No. 10 at 6. Petitioner then wrote "See Attached #II" under supporting facts. Id. For "Ground Two"

---

[2] In Barker, the Supreme Court stated: "[t]he Court's opinion in Kloper v. North Carolina, 386 U.S. 213 (1967), established that the right to a speedy trial is 'fundamental' and is imposed by the Due Process Clause of the Fourteenth Amendment on the States." Barker, 407 U.S. at 515.
[3] With Regard to Petitioner's original petition, the Court has utilized the page numbers affixed to the top of the page by the Court's electronic filing system.

Petitioner wrote "Federal Constitutional right to due process under 6th Amendment and Fundamental Fairness" and again referenced "Attachment II" in the supporting facts section. Id. at 7. Attachment II to the FAP is identical to Attachment II of the original Petition.

The Court ordered Respondent to respond to the FAP (ECF No. 11) and Respondent filed a motion to dismiss (ECF No. 14). Therein, Respondent argued the FAP must be dismissed because grounds Two, Three, and Four were unexhausted. ECF No. 14-1 at 3. Apparently relying on Attachment II, Respondent defined Petitioner's grounds for relief as follows:

> (1) He was prejudiced by the pre-charging delay because the delay caused the documents in his storage unit to be destroyed by the storage facility; (2) the prosecution failed to gather exculpatory evidence from his storage unit before the documents were destroyed; (3) the prosecution singled him out for prosecution while ignoring the crimes committed by the prosecution witnesses and filed charges against him it knew were false; and (4) the prosecutor obstructed justice.

Id. at 2. In his opposition, Petitioner expressly (and vehemently) denies that Grounds Two, Three, and Four are part of his FAP stating "Grounds two, three, and four, discussed by [counsel for Respondent] are not charges in the First Amended Petition and the petitioner denies these are even included in the First Amended Petition for Writ of Habeas Corpus, now at the District Court." ECF No. 16 at 6. Petitioner clarifies that there are only two grounds for which he seeks relief in the FAP, and then quotes the two grounds listed on pages six and seven of the main body of his FAP: Ground One, "Federal Constitutional right to Speedy Trial including where there has been a substantial and/or prejudicial delay prior to accusatory pleading;" and Ground Two, "Federal Constitutional right to due process under 6th Amendment and Fundamental Fairness" Id. at 4.
///
///

4

## II. SCOPE OF REVIEW

Title 28, U.S.C. § 2254(a) sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

## III. DISCUSSION

Respondent's sole basis for moving to dismiss Petitioner's FAP is his contention that three of Petitioner's four claims are unexhausted, thus rendering the FAP a mixed petition. ECF No. 14-1 at 3-5.

Federal habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Davila v. Davis, __ U.S. __,137 S. Ct. 2058, 2064 (2017). "The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to ... correct a constitutional violation.'" Davila, 137 S. Ct. at 2064 (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal citation omitted). Fair presentation requires the petitioner to present both the factual and legal basis for each claim to the state's highest court. Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). This includes indicating the federal nature of the claim, which the petitioner may accomplish "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin, 541 U.S. at 32.

If a habeas petition filed in federal court contains both exhausted and unexhausted claims, it is considered a "mixed petition" and must be dismissed unless the petitioner opts to withdraw any unexhausted claims and proceed only on exhausted claims. Pliler v. Ford, 542 U.S. 225, 233 (2004) (citing Rose, 455 U.S. at 510).[4]

In the instant case, Petitioner disputes that the claims Respondent lists as Grounds Two, Three, and Four are part of his FAP at all. ECF No. 16 at 4. Rather, he asserts that "[t]here are two grounds [] which are petitioned for relief," which are detailed in the body of his FAP as follows:

> Ground One: "Federal Constitutional right to Speedy Trial including where there has been a substantial and/or prejudicial delay prior to accusatory pleading."
>
> Ground Two: "Federal Constitutional right to due process under 6th Amendment and Fundamental Fairness."

ECF No. 16 at 4; ECF No. 10 at 6-7. Petitioner submits that these two claims are exhausted. ECF No. 16 at 5.

The Court agrees that Petitioner exhausted both of these claims by fairly presenting them to the California Supreme Court on discretionary review. In that state brief, Petitioner argued that the prosecution's substantial pre- and post-arraignment delays prejudiced him and violated his rights to a speedy trial and due process under the Sixth and Fourteenth Amendments (citing Klopfer, 386 U.S. at 224-25 and Barker, 407 U.S. at 530-33). See Lodgment 3 at 12-18. These arguments mirror his federal claims. Indeed, even Respondent acknowledges that Petitioner exhausted the claim that he was prejudiced by the pre-charging delay (Respondent's Ground One). ECF No. 14-1 at 4-5.

---

[4] Under limited circumstances, a stay and abeyance procedure is available if such action is requested by the petitioner, but "district courts are not *required* to consider *sua sponte* the stay-and-abeyance procedure." Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007).

Additionally, the Court finds that, as part of his speedy trial and due process claims, Petitioner presented to the state's highest court facts related to the prosecution's failure to obtain potentially exculpatory documents from Petitioner's storage unit before they were destroyed. Id. Thus, to the extent Respondent contends these facts support a separate, unexhausted claim (Respondent's Ground Two), the Court disagrees.

The only question, then, is whether Petitioner's references to "Attachment II" under the supporting facts sections of Grounds One and Two expanded his claims to include claims for selective prosecution and obstruction of justice (what Respondent calls Claims Three and Four). Ordinarily, the Court would construe Attachment II liberally as raising these two additional claims and, because he is a *pro se* prisoner, excuse Petitioner's failure to plead them correctly. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001), as amended (June 5, 2001) (confirming that courts have a duty liberally to construe *pro se* prisoner pleadings). However, in this case Petitioner expressly has instructed the Court not to do so, stating "Grounds two, three, and four, discussed by [counsel for Respondent] are not charges in the First Amended Petition and the petitioner denies these are even included in the First Amended Petition for Writ of Habeas Corpus, now at the District Court." ECF No. 16 at 6. Thus, to the extent uncertainty existed as to whether the FAP included claims for selective prosecution and obstruction of justice, Petitioner has abandoned them and clearly expressed his desire to proceed only on the two grounds for relief state on pages 6 and 7 of his FAP. ECF No. 16 at 4. For this reason, the Court finds that the FAP is fully exhausted and, therefore, **RECOMMENDS** that Respondent's motion to dismiss be **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that Respondent's motion to dismiss the FAP for failure to exhaust be **DENIED**. If the district judge adopts this Report and Recommendation, this Court **FURTHER RECOMMENDS** that Respondent be ordered to file an answer to the merits of the FAP on the two grounds Petitioner identified in the FAP.

Any party may file written objections with the Court and serve a copy on all parties by **January 24, 2018**. The document should be captioned "Objections to Report and Recommendation."

Any response to the objections shall be filed and served by **February 2, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Robbins v. Carey, 481 F.3d 1143, 1146–47 (9th Cir. 2007).

**IT IS SO ORDERED.**

Dated: January 10, 2018

Hon. Nita L. Stormes
United States Magistrate Judge