UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DANIEL BOVENSIEP,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>DEAN BORDERS,<br><br>　　　　　　　　　　Respondent. | Case No.: 17-cv-00074-GPC-NLS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 17] AND DENYING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 14]** |

　　　　Thomas Daniel Bovensiep, a state prisoner proceeding *pro se*, filed the operative First Amended Petition for Writ of Habeas Corpus ("FAP") pursuant to 28 U.S.C. § 2254 on March 20, 2017. (ECF No. 10.) The FAP essentially contains two sections. The first is the ubiquitous § 2254 Form used by prisoners to assert habeas claims (ECF No. 10 (the "Form" section)), and the second is a document labeled "Attachment II" (ECF No. 10-1 (the "Attachment" section)). In the Form section of the FAP, two claims are raised: (1) a violation of Bovensiep's constitutional speedy trial rights, and (2) a violation of Bovensiep's right to due process under the Sixth Amendment "and fundamental fairness." (ECF No. 10 at 6–7.) In the Attachment II section of the FAP, Bovensiep discusses issues relating to destruction of evidence, selective prosecution, and obstruction of justice. (ECF No. 11.)

On August 31, 2017, Respondent filed a motion to dismiss the FAP. (ECF No. 14.) Respondent contends that while Bovenseip exhausted the claims in the Form section of the FAP, he did not exhaust the claims asserted in the Attachment section of the FAP. As a result, Respondent argues, the FAP should be dismissed as "mixed." Bovensiep filed a response in opposition on September 27, 2017, clarifying that he is alleging just the claims in the Form section of the FAP. (ECF No. 16.)

On January 10, 2018, Magistrate Judge Nita L. Stormes issued a report and recommendation (the "Report") recommending that this Court deny Respondent's motion to dismiss in light of Bovenseip's clarification. (ECF No. 12.) Judge Stormes's order instructed that objections to the Report must be filed by January 24, 2018. (*Id.* at 8.) Neither party filed any objections.

After careful consideration of the pleadings and relevant exhibits submitted and for the reasons set forth below, this Court **ADOPTS** the Report and **DENIES** Respondent's motion to dismiss.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b) set forth this Court's duties in connection with a report from a Magistrate Judge. The Court "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate." 28 U.S.C. § 636(b). This Court need not review *de novo* portions of the Report to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). Because neither party filed objections to the Report, this Court may assume the correctness of Judge Stormes's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Ct. for the N. Dist. Of California*, 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).

### II. Analysis

Judge Stormes concluded that the motion to dismiss should be denied because, in light of Bovensiep's clarification, only the claims in the Form section of the FAP remain,

and those claims were exhausted. (ECF No. 14.) To present a claim in a federal petition for writ of habeas corpus, the petitioner must first exhaust all state remedies. 28 U.S.C. § 2254(b)-(c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Motivated by the preservation of federal-state comity, this requirement grants state courts the "initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)) (per curiam)). To exhaust a claim, a petition must present "both the operative facts and the federal legal theory on which his claim is based." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2002) *overruled on other grounds by Robbins v. Carey,* 481 F.3d 1134, 1149 (9th Cir. 2007). To exhaust all state remedies, a petitioner must fairly present all claims to the highest state court. *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir.1986). A California prisoner must present his claim to the Supreme Court of California on direct review or collateral review. See *Reiger v. Christensen*, 789 F.2d 1425, 1427 (9th Cir. 1986).

Respondent does not contest the adequacy of Bovensiep's presentation to the California Supreme Court as to the two claims listed in the Form section of the FAP, but rather contends Bovensiep has added additional unexhausted claims in the Attachment section. Respondent describes the FAP as asserting four grounds: (1) "he was prejudiced by the pre-charging delay because the delay caused the documents in his storage unit to be destroyed by the storage facility"; (2) "the prosecution failed to gather exculpatory evidence form his storage unit before the documents were destroyed"; (3) "the prosecution singled him out for prosecution while ignoring the crimes committed by the prosecution witnesses and filed charges against him it knew were false"; and (4) the prosecutor obstructed justice." (ECF No. 14-1 at 2.) The two claims asserted in the Form section of the FAP fall within the first ground; the three claims included in the Attachment section of the FAP fall within the second, third, and fourth grounds. Respondent states that while the first ground "appears to correspond to the claim raised

on discretionary review in the California Supreme Court," the second, third, and fourth grounds were not. (*Id.* at 4.)

In his response to the motion, Bovensiep clarifies that "[g]rounds two, three, and four, discussed by [counsel for Respondent] are not charges in the First Amended Petition and the petitioner denies these are even included in the First Amended Petition for Writ of Habeas Corpus." (ECF No. 16 at 6.) In other words, assuming that Bovensiep originally intended to assert claims based on the three grounds raised in the Attachment section of the FAP, he has now abandoned those claims. In light of this clarification—and Respondent's concession that the remaining ground was argued to the California Supreme Court—the Court finds the FAP to be fully exhausted.

Because the Court agrees with Judge Stormes's conclusion that Bovensiep has abandoned his unexhausted claims, and the claims that remain have been exhausted, the Court ADOPTS the Report and Recommendation.

**CONCLUSION AND ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1. The finding and conclusions of Judge Stormes presented in the Report (Doc. No. 17 are **ADOPTED** in their entirety;
2. Respondent's Motion to Dismiss (Doc. No. 14) is **DENIED**.

Dated: March 19, 2018

Hon. Gonzalo P. Curiel
United States District Judge